UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

**Bryndon Fisher**, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

**James C. Duff**, in His Official Capacity as the Director of the Administrative Office of the United States Courts,

**Administrative Office of the United States Courts**,

and

**The United States of America**,

Defendants.

Case No.

**Class Action Complaint**

Upon personal knowledge as to his own acts and status, and based upon his investigation, his counsel's investigation, and information and belief as to all other matters, plaintiff Bryndon Fisher ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

## Summary of Action

1. This is a class action brought on behalf of users of the Public Access to Court Electronic Records system ("PACER"), the system that all all federal district and bankruptcy courts use to provide public access to court records. Based on an extensive investigation into PACER's billing practices, PACER exhibits a systemic error that overcharges users for accessing docket reports in violation of its stated policies and procedures.

2. The basic problem is simple. PACER claims to charge users $0.10 for each page in a docket report, up to a maximum charge of $3.00 per transaction. Since by default, these docket reports are displayed in HTML format, PACER uses a formula based on the number of bytes in a docket to determine the number of billable pages. One billable pages equals 4,320 extracted bytes.

3. In reality, however, the PACER billing system contains an error. PACER artificially inflates the number of bytes in each extracted page, counting some of those bytes ***five times*** instead of just once. As a result, users are systematically overcharged for certain docket reports.

4. The Administrative Office of the United States Courts ("AO"), which administers and maintains PACER, therefore breached the terms of its contract with Plaintiff and the Class and owes Plaintiff and the Class damages as compensation for the overcharges.

5. The AO improperly collected these overcharge payments from Plaintiff and the Class in contravention of relevant statutes and regulations, including the E-Government Act of 2002, 28 U.S.C. § 1913 note, and the Electronic Public Access Fee

Schedule. These overcharge payments, therefore, also constitute an illegal exaction in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1402(a)(1) and 28 U.S.C. 1391(e)(1) because the Plaintiff resides in this District.

## Parties

7. Plaintiff Bryndon Fisher ("Fisher") is a citizen of the State of Washington and a resident of Camas, Washington. During the Class Period, as described *infra*, Fisher accessed PACER, viewed docket reports in HTML format, and was overcharged for docket reports by the AO. Fisher has not been reimbursed or otherwise compensated for the overcharges.

8. Defendant James C. Duff ("Duff") is the Director of the Administrative Office of the United States Courts. Duff is being sued in his official capacity. In that capacity, Duff has overall responsibility for the AO's management and operation, including PACER. Duff, in his official capacity, is responsible for the AO's conduct that is the subject of this complaint and for the related acts and omissions alleged herein.

9. Defendant Administrative Office of the United States Courts is, and was at all relevant times, an agency of the United States government. The AO administers and maintains PACER.



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

10. Defendant United States of America ("United States") includes the Administrative Office of the United States Courts, which administers and maintains PACER, and agents acting at the direction or on behalf of the AO.

## Factual Allegations

### The PACER System

11. According to the AO's website, PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts. PACER is provided by the Federal Judiciary in keeping with its commitment to providing public access to court information via a centralized service.

12. PACER's mission is to facilitate and improve electronic public access to court information at a reasonable cost, in accordance with legislative and judicial policies, security requirements, and user demands.

13. PACER hosts millions of case file documents and docket information for all district, bankruptcy, and appellate courts. As of 2010, PACER hosted over 500 million documents that were filed in federal courts.

14. The AO's Programs Division manages the development and maintenance of PACER and, through the PACER Service Center, provides centralized billing, registration, and technical support services for the Judiciary and the public.

15. In 2015, PACER surpassed over two million user accounts. Users include licensed attorneys; state and local governments, including city, state, and federal employees; educational institutions, including students, educators, and staff; journalists and media organizations; judges and court staff; and the general public.



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

**PACER Prescribes User Fees**

16. As mandated by Congress, PACER is funded through user fees set by the Judicial Conference of the United States ("Judicial Conference").

17. The Judicial Appropriations Act of 1992, PUB. L. 102–140, title III, § 303, 105 Stat. 810 (1991), as amended by the E-Government Act of 2002, Pub. L. 107–347, title II, § 205(e), 116 Stat. 2915 (2002), provides:

> **Court Fees for Electronic Access to Information**
>
> (a) The Judicial Conference ***may, only to the extent necessary, prescribe reasonable fees***, pursuant to sections 1913, 1914, 1926, 1930, and 1932 of title 28, United States Code, for collection by the courts under those sections for access to information available through automatic data processing equipment. … The Director of the Administrative Office of the United States Courts, under the direction of the Judicial Conference of the United States, shall prescribe a schedule of reasonable fees for electronic access to information which the Director is required to maintain and make available to the public.

(codified as amended at 28 U.S.C. 1913 note) (emphasis added).

18. Congress expressly limited the AO's ability to charge user fees for access to electronic court information by substituting the phrase "only to the extent necessary" in place of "shall hereafter" in the above statute. E-Government Act of 2002, § 205(e).

19. In accordance with this statute, the Judicial Conference prescribed user fees for electronic public access to court records:

> **Fees for Public Access to Court Electronic Records (PACER)**
>
> (1) Except as provided below, for electronic access to any case document, docket sheet, or case-specific report via PACER: ***$0.10 per page***, not to exceed the fee for thirty pages.

Electronic Public Access Fee Schedule, 28 U.S.C.A. 1914 (effective December 1, 2013), https://www.pacer.gov/documents/epa_feesched.pdf (emphasis added).



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

20. The exceptions, *inter alia*, concern fee exemptions for users who have not yet incurred $15.00 in a quarterly billing cycle; discretionary exemptions for indigents, pro bono attorneys, and nonprofit organizations; judicial opinions; and parties and attorneys in a case who receive one "free look." None of these exceptions apply here.

21. PACER's user fees are contained in PACER's "Policies and Procedures," which are linked from the home page of PACER's website. These Policies and Procedures state:

> **Fee Information**
> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to information in PACER. All registered users will be charged as follows:
>
> * Use of the PACER system will generate a $.10 per-page charge.

PACER Policies and Procedures, https://www.pacer.gov/documents/pacer_policy.pdf.

22. The AO directly communicates the amount of these fees to users when they sign up for a PACER account. When a user accesses the "Registration Wizard," the system presents the following information to the user:

> There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a $0.10 per page charge.
>
> If you would like to try PACER before registering, visit our free training site. More detailed information about how to use PACER is available in the PACER User Manual.

PACER Case Search Registration, https://pacer.psc.uscourts.gov/pscof/regWizard.jsf (emphasis and links in original).

23. This language describing the "$0.10 per page charge" includes a "tooltip" that displays additional explanatory text when a user hovers her mouse pointer over it. See below:

**PACER Case Search Registration**

The View option allows read-only access for viewing, searching, and printing. This option does not allow you to electronically file documents. It is not exclusive to attorneys and is available to everyone. The View option is what most people choose.

To obtain a PACER account, you must complete the online PACER registration form. For immediate access to court records, provide a credit card during registration. If you do not provide a credit card, an activation code will be sent by U.S. mail to the address you provided on the registration form. Please allow 7 to 10 business days for mail delivery. **For security reasons, activation codes cannot be emailed, faxed, or given over the phone.**

There is no registration fee. However, the Judicial Conference of the United States has established a fee for access to PACER. All registered agencies or individuals will be charged the fee. Access to PACER systems will generate a $0.10 per page charge.

If you would like to try PACER before registering, visit our fre ... to use PACER is available in the PACER User Manual.

Billable pages are calculated in three ways in PACER: 1) A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted. 2) For a PDF, the actual number of pages are counted to determine the number of billable pages. 3) On the PACER Case Locator (PCL), 54 lines are counted as one billable page.

Continue

24. This "tooltip" explains that "[a] formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted."

25. The PACER Service Center's public help pages contain similar language. In the billing area, PACER presents a frequently-asked questions section that asks:

**HOW IS A "PAGE" DETERMINED FOR BILLING PURPOSES?**

1. A formula determines the number of pages for an HTML-formatted report. The information extracted, such as data used to create a docket sheet, is billed using a formula based on the number of bytes extracted.
2. For a PDF, the actual number of pages are counted to determine the number of billable pages.
3. On the PACER Case Locator (PCL), 54 lines are counted as one billable page.

PACER Billing, https://www.pacer.gov/billing/.

26. The PACER User Manual, which the Registration Wizard references and links to, explains this formula in greater detail:

> **Dockets, Case Reports, and Search Results**
>
> Docket reports are generated with the number of pages for a docket sheet before the document is reformatted as a webpage.
>
> Billable pages for docket reports, case reports, and search results are calculated using a formula based on the number of bytes extracted (4,320 bytes = 1 billable page).

PACER User Manual for ECF Courts (Updated September 2014), https://www.pacer.gov/documents/pacermanual.pdf.

27. Based on PACER's stated policies and procedures, including incorporated disclosures on its web site and in the PACER User Manual, a user would expect to be charged $0.10 for each 4,320 bytes extracted from a docket report.

**PACER Overcharged Plaintiff Fisher for Access to Court Dockets**

28. Plaintiff Bryndon Fisher registered for access to the PACER system and agreed to be charged $0.10 per page for access to court dockets, based on the formula contained in the PACER User Manual.

29. Over the past several years, Fisher accessed numerous court dockets and documents, always accessing court dockets in HTML format using PACER's default options. Fisher was charged and paid for that access, and his docket access did not qualify for the exceptions or exclusions listed in the Electronic Public Access Fee Schedule.

30. During the past two years, Fisher accessed 184 court docket reports using PACER and was charged and paid a total of $109.40 to the AO for this access. These



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

charges do not include access to the individual PDF documents, only access to the docket reports.

31. Over this two-year period, based on the formula contained in the PACER User Manual, Fisher should have been charged $72.40, representing an overcharge of $37.00 or approximately 51%.

32. Fisher has not been reimbursed or otherwise compensated for these overcharges.

**PACER Exhibits a Systemic Billing Error That Overcharges Users**

33. PACER's overcharges to Fisher are not an isolated incident. On the contrary, based on Plaintiff's counsel's investigation, PACER systematically overcharges users for access to court dockets in breach of its stated policies, including the PACER User Manual.

34. To discover why and how PACER overcharges users, Plaintiff's counsel retained expert consultants with advanced degrees in computer science and substantial experience in the field. These consultants conducted an investigation into the overcharges, including who is affected, when and under what circumstances the overcharges manifest, and the nature of the underlying error in the PACER system.

35. Based on this investigation, PACER exhibits a systemic billing error that affects the vast majority of users who access docket reports in the default HTML format. For these docket reports, PACER uses a formula based on the number of bytes extracted, purporting to charge users $0.10 per 4,320 bytes. But the PACER system actually miscalculates the number of extracted bytes in a docket report, resulting in an overcharge to users.



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

36. Plaintiff's investigation determined that the source of this overcharge lies in the case caption, the portion of a docket report that contains basic information about a case (e.g., the case number, parties, and attorneys of record). Instead of counting the number bytes in the case caption once, PACER actually counts these bytes approximately ***five times***.

37. If a user accesses an HTML docket report, and the case caption for that docket is more than 850 characters, the systemic billing error manifests itself. This is because, when the caption contains 850 or more characters, the caption contains enough bytes that, when overcounted by five times, it triggers at least one additional $0.10 charge to the user. An exception to this rule applies when the docket is so large that users will have already reached the $3.00 maximum charge regardless of any overcounting of bytes in the case caption.

38. This systemic billing error for docket reports affects the PACER system that is used in all U.S. District Courts, U.S. Bankruptcy Courts, and the U.S. Court of Federal Claims.

## Class Action Allegations

39. Plaintiffs bring this class action on behalf of themselves and all others similarly situated as members of a proposed Class defined as follows:

> **All PACER users who, within the last six years, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters.**
>
> **Expressly excluded from the Class are PACER users who have been damaged in excess of $10,000 as a result of the conduct alleged herein.**



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

40. The United States government and the agencies and officers thereof and any judges, justices, or judicial officers presiding over this matter, the members of their immediate families, and their judicial staff are also excluded from the Class.

41. This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, ascertainability, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

42. ***Numerosity Under Rule 23(a)(1).*** The Class is so numerous that the individual joinder of all members is impracticable. While the Class's exact number is currently unknown and can only be ascertained through appropriate discovery, PACER currently has over two million users. This is more than sufficient to satisfy the numerosity requirement. Each of these Class Members can also be ascertained by referencing the AO's business records, which include the contact information for Class Members.

43. ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual Class Members. These common questions, which do not vary among Class Members and which may be determined without reference to any Class Member's individual circumstances, include, but are not limited to:

A. Whether the AO owed a duty to Plaintiff and the Class to accurately bill them for access to PACER docket reports;

B. Whether PACER contains a systemic error that miscalculates the charges to Plaintiff and the Class for accessing docket reports;

C. Whether the AO systematically overbilled Plaintiff and the Class for access to docket reports in breach of its contract;



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

D. Whether the AO's conduct constituted an illegal exaction by unnecessarily and unreasonably charging PACER users more than the AO and the Judicial Conference authorized under Electronic Public Access Fee Schedule and the E-Government Act of 2002;

E. Whether Plaintiff and the Class have been damaged by the wrongs alleged and are entitled to compensatory damages.

44. Each of these common questions is also susceptible to a common answer that is capable of classwide resolution and will resolve an issue central to the validity of the claims.

45. ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an adequate Class representative because he is a Class Member, and his interests do not conflict with the Class's interests. Plaintiff has retained counsel who are competent and experienced in prosecuting class actions. Plaintiffs and his counsel intend to prosecute this action vigorously for the Class's benefit and will fairly and adequately protect the Class's interests.

46. ***Rule 23(b)(2) Injunctive Class.*** The Class can be properly maintained under Rule 23(b)(2). Through a systemic billing error, the AO has overcharged and continues to overcharge each Class Member for accessing docket reports. Defendants, therefore, have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

47. ***Rule 23(b)(3) Predominance and Superiority.*** The Class can be properly maintained under Rule 23(b)(3), because the above common questions of law and fact predominate over any questions affecting only individual Class Members. A class action is



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

also superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class Member's claim is impracticable. Even if each Class Member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases were to proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class-action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## First Claim for Relief

### Breach of Contract

48. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

49. As part of the process to register and access PACER, Plaintiff and the Class entered into a contract with the AO, which had actual authority to bind the United States.

50. This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual.

51. Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing.



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

52. All conditions required by the contract for Defendants' performance have occurred or were excused by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing.

53. Under the terms of the contract, Defendants were required to charge Plaintiff and the Class $0.10 per page for accessing docket reports. The contract's terms defined pages in a docket report accessed in HTML format as 4,320 extracted bytes.

54. By charging Plaintiff and the Class more than $0.10 per page for accessing docket reports in HTML format by miscounting the number of extracted bytes in each docket, Defendants violated the express terms of the contract. As a result, Defendants breached their contract with Plaintiff and the Class.

55. As a direct and proximate cause of Defendants' breach of the contract, Plaintiff and the Class were harmed and are owed compensatory damages.

## Second Claim for Relief

### Illegal Exaction

56. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

57. Defendants improperly collected user fees from Plaintiff and the Class in excess of those authorized by Congress under the E-Government Act of 2002, 28 U.S.C. 2002 note, and in excess of those authorized by the AO and the Judicial Conference under the Electronic Public Access Fee Schedule.

58. The E-Government Act of 2002 provides that "[t]he Judicial Conference may, ***only to the extent necessary***, prescribe reasonable fees … for collection by the courts … for access to information available through automatic data processing equipment" and



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

that "[t]he Director of the [AO], under direction of the Judicial Conference … shall prescribe a schedule of ***reasonable*** fees for electronic access to information …." 28 U.S.C.A. 1913 (emphasis added).

59. The Electronic Public Access Fee Schedule only authorizes fees of $0.10 per page, not to exceed the fee for thirty pages, for electronic access to any case document, docket sheet, or case-specific report.

60. By miscalculating the number of bytes in a page, Defendants collected charges from Plaintiff and the Class in excess of $0.10 per page for accessing electronic docket sheets, in direct contravention of the E-Government Act's mandate that the Judicial Conference "may, only to the extent necessary, prescribe reasonable fees." Overcharging Plaintiff and the Class for these charges was both unnecessary and *per se* unreasonable under the Act.

61. Defendants also collected charges from Plaintiff and the Class in excess of the $0.10 per page fee for accessing electronic docket sheets in direct contravention of the Electronic Public Access Fee Schedule, as well as further policies and procedures promulgated by the AO in the PACER User Manual.

62. By necessary implication, the E-Government Act of 2002, the Electronic Public Access Fee Schedule, and other related policies and procedures promulgated by the AO provide that the remedy for their violation entails a return of money unlawfully exacted. By directly prescribing the limits on fees charged by the AO and the Judicial Conference to Plaintiff and the Class, these laws lead to the ineluctable conclusion that they provide a monetary remedy for fees charged in excess of the prescribed limits.

63. Plaintiff and the Class are intended beneficiaries of the E-Government Act of 2002, the AO, and the PACER system, as PACER's "mission is to facilitate and

improve electronic public access to court information at a reasonable cost, in accordance with legislative and Judiciary policies, security requirements, and user demands."

64. Defendants have retained the funds they unlawfully collected from Plaintiff and the Class and have not reimbursed or otherwise compensated Plaintiff and the Class.

65. Plaintiff and the Class seek return of all funds improperly paid, exacted, or taken from them in contravention of federal statutes and regulations.

## Prayer for Relief

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Defendants as follows:

A. An order certifying the proposed Class under Fed. R. Civ. Proc. 23;

B. An order appointing Plaintiff and his counsel to represent the Class;

C. A finding that Defendants breached their contract with Plaintiff and the Class;

D. A finding that Defendants illegally exacted money from Plaintiff and the Class in violation of the Due Process Clause of the Fifth Amendment;

E. An order permanently enjoining Defendants from their improper conduct;

F. A judgment awarding Plaintiff and the Class compensatory damages and any other damages authorized by law in amounts to be proven at trial;

G. Prejudgment and postjudgment interest at the maximum allowable rate;

H. Attorneys' fees and expenses and the costs of this action; and

I. All other relief, including equitable and injunctive relief, that this Court deems necessary, just, and proper.



Schubert Jonckheer & Kolbe LLP
3 Embarcadero Ctr Ste 1650
San Francisco, CA 94111
Ph: 415.788.4220

DATED: December 29, 2015

TERRELL MARSHALL LAW GROUP PLLC

BY: /s/ Beth Terrell
BETH TERRELL

Beth Terrell
**Terrell Marshall Law Group PLLC**
936 N 34th Street Ste 300
Seattle, WA 98103
Ph: 206.816.6603
Fx: 206.319.5450
bterrell@terrellmarshall.com

Robert C. Schubert, *pro hac vice pending*
Noah M. Schubert, *pro hac vice pending*
Miranda P. Kolbe, *pro hac vice pending*
**Schubert Jonckheer & Kolbe LLP**
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Ph: 415.788.4220
Fx: 415.788,0161
rschubert@schubertlawfirm.com
nschubert@schubertlawfirm.com
mkolbe@schubertlawfirm.com

*Attorneys for Plaintiff, Individually and on Behalf of All Others Similarly Situated*