The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYNDON FISHER,

                              Plaintiff,

              v.

JAMES C. DUFF, *et al.*,

                              Defendants.

CASE NO.  3:15-cv-5944-BHS

DEFENDANTS' MOTION TO DISMISS

Note on Motion Calendar: April 1, 2016

Defendants James C. Duff, the Administrative Office of the United States Courts, and the United States of America, (collectively, "defendants"), by and through their counsel, Annette L. Hayes, United States Attorney for the Western District of Washington, and Sarah K. Morehead, Assistant United States Attorney for said District, hereby file this Motion to Dismiss based on the first-to-file rule because plaintiff is pursuing a nearly identical purported class action before another court.  In the alternative, defendants move to dismiss based on improper venue under Fed. R. Civ. P. 12(b)(3), for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## I.    INTRODUCTION

The first-to-file rule mandates dismissal of this case.  This is the second-filed suit alleging claims of breach of contract and illegal exaction filed by plaintiff Bryndon Fisher on behalf of himself and a purported class alleging overcharges by Public Access to Court

Electronic Records ("PACER").  Plaintiff filed a purported class action in the U.S. Court of Federal Claims on December 28, 2015,[1] then the next day, filed a second purported class action in this district alleging identical claims.  Although this Court ultimately has discretion to hear this second-filed action, the first-to-file rule is not to be "disregarded lightly" and departures therefrom are typically justified only in rare instances of bad faith, which is not present here.  Accordingly, this case should be dismissed.  If the Court is not inclined to dismiss this case under the first-to-file rule, then it should do so based on improper venue because many putative plaintiffs reside outside this district, or dismiss for lack of jurisdiction and failure to state a claim because plaintiff has failed to exhaust his administrative remedy.

## II.    FACTS

PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and the PACER Case Locator.  *See* https://www.pacer.gov/;[2] Complaint at ¶ 11.  "PACER is provided by the Federal Judiciary in keeping with its commitment to providing public access to court information via a centralized service."  *Id.*  To that end, PACER allows users to access Court documents for $0.10 per page, up to a maximum charge of $3.00 per transaction.  Complaint at ¶ 2.  Plaintiff concedes that PACER accurately calculates the number of pages, and therefore the appropriate charge, when documents are filed in .pdf format.  However, he claims that when a user seeks a docket report, PACER uses a formula that miscalculates the number of pages, and an overcharge results.  *Id.* at ¶¶ 1-3.  Plaintiff alleges that over the past two years, he accessed 184 court dockets and paid a total of $109.40, representing an alleged overcharge of $37.00.  *Id.* at ¶ 31.

Based on those alleged overcharges, plaintiff asserts claims for breach of contract and illegal exaction.  Plaintiff claims that this Court has jurisdiction under 28 U.S.C. § 1346(a)(2), known as the Little Tucker Act.  The Little Tucker Act waives sovereign immunity and provides the district court concurrent jurisdiction with the United States Court of Federal Claims for claims based on an alleged breach of contract or illegal exaction not exceeding $ 10,000.  28

---

[1] The Court can take judicial notice of court records. Fed. R. Evid. 201(b); *see e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).
[2] The Court can take judicial notice of information on government websites that is not subject to dispute. Fed. R. Evid. 201; *Ariz. Libertarian Party v. Bennett*, 784 F.3d 611, 616 n.3 (9th Cir. 2015).

MOTION TO DISMISS
3:15cv5944-BHS - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

U.S.C. § 1346(a)(2); *Price v. U. S. Gen. Serv. Admin.*, 894 F.2d 323, 324 (9th Cir. 1990); *Bautista-Perez v. Mukasey*, 2008 U.S. Dist. Lexis 11358, *12-13 (N.D. Cal. 2008) (citation omitted; explaining that illegal exaction claims are "typically brought under the Tucker Act.").

Before filing his Complaint in this Court, plaintiff filed a Complaint in the Court of Federal Claims based on the same allegations, facts, and damages. *See Bryndon Fisher, Individually and Behalf of All Others Similarly Situated v. United States of America*, 1:15-cv-01575C, pending in the United States Court of Federal Claims before The Honorable Thomas C. Wheeler. (Dkt. #1, hereinafter, the "Court of Federal Claims Complaint," at ¶ 29, claiming plaintiff was overcharged $37.00). Based on an unopposed motion for extension of time, the government's deadline to answer or otherwise respond to the Court of Federal Claims Complaint is April 11, 2016.

## III.   ANALYSIS

### A.  This Action Should Be Dismissed Based on the First-to-File Rule

#### 1.  The First-to-File Rule

The first-to-file rule is a "generally recognized doctrine of federal comity that allows a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). If the rule applies, the second district court has the discretion to transfer, stay, or dismiss the second action in the interest of efficiency and judicial economy. *See, e.g., Cedar Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In addition to promoting efficiency and judicial economy, the rule serves to avoid the potential of conflicting judgments. *See, e.g., Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). The rule exists because "a litigant has no right to maintain a second action duplicative of another." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999).

To determine whether the first-to-file rule applies, courts consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See, e.g., Wright v. RBC Capital Mkts. Corp.*, 2010 U.S. Dist. LEXIS 80165, *14-15 (E.D. Cal. June 24, 2010) (citation omitted). However, the rule is "not a rigid or inflexible rule

MOTION TO DISMISS
3:15cv5944-BHS - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Medlock v. HMS Host USA, Inc.*, 2010 U.S. Dist. LEXIS 133143, *8 (E.D. Cal. Dec. 15, 2010) (citing *Pacesetter*, 678 F.2d at 94-95). Accordingly, courts consider "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' and that 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Medlock*, 2010 U.S. Dist. LEXIS 133143, at 8 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

Courts in this district routinely apply the first-to-file rule to dismiss a second filed action. For example, in *CRU Acquisition Group, LLC v. Mykey Tech. Inc.*, the court granted a motion to dismiss a second filed action in favor of the first filed action. Case No. 11-05743-RBL; 2012 U.S. Dist. LEXIS 17084 (W.D. Wash. Feb. 10, 2012); *see also Music Group Servs. US, Inc. v. Inmusic Brands, Inc.*, Case No. 13-182-MJP, 2013 U.S. Dist. LEXIS 52621 (W.D. Wash. Apr. 11, 2013) (dismissing second filed action); *JD Inv. Co., LLC v. Agrihouse, Inc.* , No. C08-1661-RSM, 2009 WL 113277, at *2 (W.D. Wash. Jan. 13, 2009) (dismissing second-filed action); *Am. Guar. & Liab. Ins. Co. v. United States Fidelity & Guar. Co.*, Case No. 06-1254-RSM, 2006 U.S. Dist. LEXIS 88627 (W.D. Wash. Dec. 4, 2006) (transferring second-filed action).

### 2.   The Action Before the Court of Federal Claims Was First Filed

The matter proceeding before the Court of Federal Claims was filed on December 28, 2015. *Fisher v. United States*, 15-1575C, Dkt. #1. The complaint in this matter was filed on December 29, 2015. Dkt. #1. The Court of Federal Claims suit was first filed. The first-to-file rule is applicable even if, as here, the actions were filed only one day apart. *See. e.g.*, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 939 (Fed. Cir. 1993).

### 3.   The Parties Are Nearly Identical

The identity of the parties also supports application of the first-to-file rule. The named plaintiff in both suits is the same individual, Bryndon Fisher. In both cases, he seeks to represent a class of PACER users. In a class action, courts have suggested that the identity of the classes must be compared to determine the applicability of the first-to-file rule. *See, e.g.*, *Jeske v. Cal. Dep't of Corr. & Rehab.*, 2012 U.S. Dist. LEXIS 45508 (E.D. Cal. Mar. 20, 2012). Doing so in

MOTION TO DISMISS
3:15cv5944-BHS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  this case supports application of the first-to-file rule.  Before the Court of Federal Claims,

2  plaintiff seeks to represent the following class:

> All PACER users who, within the last six years, accessed a U.S. District Court, U.S.
> Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one
> docket report in HTML format that included a case caption containing 850 or more
> characters.

6  Court of Federal Claims Complaint at ¶ 37.  In the Complaint before this Court, plaintiff seeks to

7  represent the following class:

> All PACER users who, within the last six years, accessed a U.S. District Court, U.S.
> Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one
> docket report in HTML format that included a case caption containing 850 or more
> characters.
>
> Expressly excluded from the Class are PACER users who have been damaged in excess
> of $10,000 as a result of the conduct alleged herein.

13  Western District of Washington Complaint at ¶ 39.  Both proposed classes contain an identical

14  exclusion of "the United States government and the agencies and officers thereof and any judges,

15  justices, or judicial officers presiding over this matter, the members of their immediate families,

16  and their judicial staff."  Complaint at ¶ 40; Court of Federal Claims Complaint at ¶ 38.

17          Review of the class allegations shows that the classes Mr. Fisher seeks to represent are

18  identical, with one exception: the class he seeks to represent before this Court excludes PACER

19  users with damages in excess of $10,000, while the Court of Federal Claims Complaint includes

20  those individuals.  The parties need not be identical in the two actions for the first-to-file rule to

21  apply.  *See, e.g.*, *Jeske*, 2012 U.S. Dist. LEXIS 45508 at *18.  It is sufficient that the parties are

22  "substantially similar, although not identical."  *Music Group Servs. US, Inc.*, 2013 U.S. Dist.

23  LEXIS 5262, *5; *Lovell v. United Airlines, Inc.*, 2010 U.S. Dist. LEXIS 42069 (D. Haw. Apr. 29,

24  2010) (explaining that "the presence of some additional parties will not defeat application of the

25  rule.").

26          In fact, the potential additional class members before the Court of Federal Claims

27  supports dismissal of this action because all of the purported class members in this case are class

28  members in the purported class before the Court of Federal Claims; there is no need for two

cases to proceed pursuing the same claims and damages for the same people.  Moreover, the

Court of Federal Claims has concurrent jurisdiction with this Court over breach of contract claims for less than $10,000, whereas only the Court of Federal Claims has jurisdiction over claims for $10,000 or more. *See, e.g.*, *Wilkins v. United States*, 279 F.3d 782, 786 (9th Cir. 2002) ("The Court of Federal Claims has exclusive jurisdiction over non-tort claims against the United States in excess of $10,000.") (citing 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1)). As a result, all of the purported plaintiffs in both putative class actions could obtain relief before the Court of Federal Claims, but they could not in this district. Therefore, both the conservation of judicial resources and the need for comprehensive disposition of litigation favor dismissing this action in favor of the action before the Court of Federal Claims.

Moreover, the defendants are effectively identical. Although plaintiff also named the Administrative Office of the United States Courts (the "AO") and Director James C. Duff in his official capacity in this lawsuit, neither is a proper party. When plaintiffs name as defendants federal officials in the official capacities, the claims are considered to be raised against the United States. *See, e.g.*, *Wright v. Gregg*, 685 F.2d 340, 341-42 (9th Cir. 1982) (explaining that suit against the Director of the Bureau of Land Management was a suit against the United States); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983) (explaining that an action against a public official is an action against the United States when "the judgment sought would expend itself on the public treasury …, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act."). Furthermore, both the AO and Mr. Duff should be dismissed as defendants for lack of jurisdiction. The Little Tucker Act allows suits "against the United States," not against individual federal officers or agencies. 28 U.S.C. § 1346(a)(2); *see, e.g.*, *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083, 1088 (N.D. Cal. 2009); *Briggs v. United States*, 564 F. Supp. 2d 1087, 1094 (N.D. Cal. 2008) (dismissing claims against federal agency under the Little Tucker Act because the United States is the only proper defendant). Therefore, the Court should apply the first-to-file rule based on the nearly identical nature of the parties in both lawsuits and the fact that the purported class before the Court of Federal Claims includes everyone who might be a class member before this Court.

MOTION TO DISMISS
3:15cv5944-BHS - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

### 4.   The Claims and Issues Presented Are Identical

2

3        The issue presented in both cases is the same: whether the PACER system miscalculates

4   the number of pages for docket sheets and therefore overcharges users as plaintiff alleges.

5   Plaintiff asserts the same two claims in both actions, (1) breach of contract, and (2) illegal

6   exaction.  He also claims the same damages in both actions: $37.00 in alleged overcharges for

7   docket sheets.  Dkt. #1 at ¶¶ 30-31; Court of Federal Claims Complaint at ¶¶ 28-29.  The

8   evidence needed to litigate the issue and claims is the same in both fora.  There is no point to

9   having two different courts consider the same evidence and issue.  In addition to the waste of

10  resources, litigating the identical issue in two different fora could result in inconsistent results.

11       Plaintiff may argue that the issues are different because in this action, he requested an

12  injunction "permanently enjoining Defendants from their improper conduct."  Complaint at p. 16

13  (Prayer for Relief at ¶ E).  However, before the Court of Federal Claims, plaintiff also requested

14  equitable relief, seeking, "All other relief, including equitable and injunctive relief, that this

15  Court deems necessary, just, and proper."  Court of Federal Claims Complaint, Dkt. #1 at p. 15

16  (Prayer for Relief at ¶ H).  Therefore, the relief requested is essentially the same.  Even if it were

17  not, the claims need not be identical in the two actions.  *See, e.g.*, *Walker v. Progressive Casualty Ins. Co.*, Case No. 03-656-JLR, 2003 U.S. Dist. LEXIS 7871, *7-8 (W.D. Wash. May 9, 2003)

18  (explaining, "Slight differences in the claims asserted do not prevent application of the rule

19  where the underlying complained-of conduct is almost identical").

20       In addition to the fact that the request for equitable relief is the same in both actions, the

21  courts' jurisdiction to grant such a request is the same.  The "grant of jurisdiction under the

22  Tucker Act and the Little Tucker Act is the same."  *Santucci v. Unites States State Dep't*, 2005

23  U.S. Dist. LEXIS 29028, *11 n.4 (D. Ariz. Nov. 21, 2005) (citing *Kipperman v. McCone*, 422 F.

24  Supp. 860, 868 (D.C. Cal. 1976); *see also Richardson v. Morris*, 409 U.S. 464, 465-66 (1973)

25  (explaining that "the jurisdiction of the district courts under the [Little Tucker] Act was expressly

26  made concurrent with the Court of Claims."); *North Side Lumber Co. v. Block*, 753 F.2d 1482,

27  1485 (9th Cir. 1985) (explaining that the limitations on the Court of Claims' jurisdiction to grant

28  equitable relief "also limit the relief that the district courts may grant when exercising their

concurrent" Little Tucker Act jurisdiction).  The Tucker Act and Little Tucker Act "impliedly

forbid[] declaratory and injunctive relief," regardless of the forum.  *Tucson Airport Auth. v. Gen.*

*Dynamics Corp.,* 136 F.3d 641, 646 (9th Cir. 1998); *Richardson*, 409 U.S. at 464-65.[3]  However, the Court of Federal Claims has jurisdiction to grant equitable relief if it is "associated with and subordinated to" the claim for monetary damages.  *See, e.g.*, *Wilkins*, 279 F.3d at 785; *Schulthess v. U.S.*, 694 F.2d 175, 178-79, n.4 (9th Cir. 1982) (explaining that the Court of Federal Claims can grant equitable relief if the claim for equitable relief is "inseparable" from the claim for monetary damages).  Therefore, plaintiff cannot contend that any request for equitable relief entitles him to pursue a second, duplicative action in this district.

### 5.   None of the Exceptions to the First-to-File Rule Apply in this Case

Although the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," a departure from the first-to-file rule is extended only under limited circumstances, including bad faith, anticipatory suit, or forum shopping.  *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter*, 678 F.2d at 95.  Accordingly, there must "be sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938.  Any arguments that the rule should be disregarded based on the convenience of the parties should be directed to the court in the first-filed action.  *Alltrade, Inc.*, 946 F.2d at 628 (citing *Pacesetter*, 678 F.2d at 96).

None of the factors that would justify an exception to the first-to-file rule apply in this case.  Therefore, the rule should be applied, and this matter should be dismissed in favor of the nearly identical case proceeding before the Court of Federal Claims.

### B.   In the Alternative, the Court Should Dismiss Based on Improper Venue

If the Court declines to dismiss or transfer this matter based on the first-to-file rule, it should dismiss or transfer[4] this matter for improper venue because plaintiff seeks to represent a global class of plaintiffs, the majority of whom likely do not reside in this district.  Complaint at ¶¶ 39, 42.  The venue provision of the Little Tucker Act states in relevant part: "(a) Any civil

---

[3] *Gonzales & Gonzales v. Dep't. of Homeland Sec.*, 490 F.3d 940, 943 (9th Cir. 2007) ("the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances."); *North Star Alaska v. United States*, 9 F.3d 1430, 1432 (9th Cir. 1993).

[4] If venue is improper, the Court can transfer this matter pursuant to 28 U.S.C. § 1406(a) because this case could have been brought before the Court of Federal Claims.  Defendants do not object to a transfer of this matter to the Court of Federal Claims.  As a practical matter, however, there appears to be no need to transfer since the purported class is subsumed in the purported class before the Court of Federal Claims.

MOTION TO DISMISS
3:15cv5944-BHS - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  action in a district court against the United States under subsection (a) of section 1346 of this

2  title may be prosecuted only . . . in the judicial district where the plaintiff resides."  28 U.S.C. §

3  1402.  Although some courts have held that venue is proper where the named plaintiff resides,[5]

4  the better-reasoned decisions have held that for multi-plaintiff actions, venue "must be satisfied

5  for every plaintiff."  *Favereau v. United States*, 44 F. Supp. 2d 68, 1999 U.S. Dist. LEXIS 4899

6  (D. Me. 1999) (transferring purported class action to the Court of Federal Claims, which was

7  "the only forum in which Plaintiffs can pursue their claims in a single action"); *see also Saraco*

8  *v. Hallett*, 831 F. Supp. 1154, 1162 (E.D. Pa. 1993); *Brooks v. Weinberger*, 637 F. Supp. 22

9  (D.D.C. 1986); *Davila v. Weinberger*, 600 F. Supp. 599, 604 (D.D.C. 1985); *National Treasury*

10 *Employees Union v. Reagan*, 629 F. Supp. 762 (D.D.C. 1985).  These holdings are consistent

11 with the plain language of the statute, which, unlike the general venue statute, does not permit

12 venue in "any" judicial district.  Also, allowing a global class to pursue their Little Tucker Act

13 claims before a district court would encourage forum shopping.  *See, e.g.*, *Favereau*, 44 F. Supp.

14 at 72.  Moreover, the Little Tucker Act permits venue in a plaintiff's home district to "prevent

15 the hardship on those with small claims of litigating away from home."  *Id.*  That rationale is

16 inapplicable in this case, where plaintiff, by his own choice, is already litigating the same claims

17 before the Court of Federal Claims, and other potential class members will have to litigate away

   from home.

18      Finally, additional venue complications arise because plaintiff has attempted to include

19 within his proposed class a global class of "all" PACER users with claims less than $10,000.

20 Individuals who reside outside the United States may use PACER,[6] but foreign nationals do not

21 reside in any judicial district for venue purposes.  *See, e.g.*, *Topsnik v. United States*, 2012 U.S.

22 Dist. LEXIS 189638, *2-3 (C.D. Cal. Jan. 17, 2012); *Bigio v. United States*, 710 F. Supp. 790,

23 791 (S.D. Fla. 1989).  Instead, when Section 1402(a) applies, they can only litigate their claims

24 before the Court of Federal Claims absent other statutory authority inapplicable here.  *See, e.g.*,

25

26 [5] No appellate court has yet addressed the issue.  Some district courts have concluded that a Little Tucker Act class
27 action can proceed in the district where the named plaintiff resides even if members of the putative class reside
   outside the district.  *See, e.g.*, *Bautista-Perez*, 681 F. Supp. 2d at 1093; *Briggs v. United States*, 2009 U.S. Dist.
   LEXIS 5442, 15-20 (N. D. Cal. Jan. 16, 2009).
28 [6] The PACER website states, "PACER is available to anyone who registers for an account."  https://www.pacer.gov/
   During the registration process, individuals input their address and can choose their country from a drop-down list.
   https://pacer.psc.uscourts.gov/pscof/registration.jsf

1  *Topsnik*, 2012 U.S. Dist. LEXIS 189638, *2-3; *Bigio*, 710 F. Supp. at 791.  Therefore, the Court

2  should dismiss or transfer this matter to the Court of Federal Claims for improper venue.

3  **C.     This Matter Must Be Dismissed Because Plaintiff Has Not Exhausted His**

4  **Administrative Remedy**

5      If the Court declines to dismiss this matter based on the first-to-file rule or improper

6  venue, it should dismiss it for failure to state a claim upon which relief can be granted and lack

7  of subject matter jurisdiction because plaintiff has failed to exhaust his administrative remedy.[7]

8  He should be required to exhaust prior to pursuing this lawsuit.[8]  *See, e.g.*, *United States v.*

9  *Joseph A. Holpuch Co.*, 328 U.S. 234, 239-240 (1946) (dismissing claim where government

10  contractor failed to first exhaust the administrative appeal provisions set forth in the contract);

11  *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979); *Myers v. U.S. Post Office*, 2013

12  U.S. Dist. LEXIS 10991, * 5-6 (D. Ariz., Jan. 28, 2013) (explaining that the court lacked

13  jurisdiction over plaintiff's claim for breach of a postal insurance contract because plaintiff had

14  not exhausted his administrative remedies).

15      Plaintiff claims that a contract was created when he registered for a PACER account.

16  "As part of the process to register and access PACER, Plaintiff and the Class entered into a

17  contract with the AO."  Complaint at ¶ 49.  Plaintiff further alleges, "This contract incorporated

18  the terms provided to Plaintiff and the Class during the registration process for PACER,

19  including the PACER User Manual."  *Id.* at ¶ 50.

20      If the registration process created a contract as plaintiff alleges, he concedes that the

21  contract would include the terms provided during the registration process; those terms include an

22  exhaustion requirement.  In order to register for a PACER account, an individual must click to

23  check a box to "acknowledge that you have read and understand the policies and procedures

24  listed above."  Declaration of Anna Marie Garcia ("Garcia Decl.") at ¶ 3;

25  https://pacer.psc.uscourts.gov/pscof/registration.jsf (acknowledgement visible after completing

26  the form).  As set forth on the website, checking the acknowledgement is "Required

27  _____

[7] The United States enjoys sovereign immunity unless it consents to be sued; "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).

28  [8] Defendants reserve the right to later move for summary judgment in the proper forum on all alleged PACER overcharges for which plaintiff has not timely exhausted his administrative remedies once the details of those alleged overcharges become known.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    information."  An individual cannot obtain a PACER account without checking the box

2    acknowledging that he or she has read and understands the policies and procedures listed above

3    the acknowledgement.  *Id.*  One of those terms listed above the acknowledgment explicitly

4    states, "I must alert the PACER Service Center to any errors in billing within 90 days of the date

5    of the bill."  *Id.; see also* https://www.pacer.gov/documents/pacer_policy.pdf  Similarly, the

6    PACER User's Manual that plaintiff references in the Complaint states, "If you think there is an

7    error on your bill, you must submit the Credit Request Form.  Requests may also be faxed to the

8    PACER Service Center at (210) 301-6441."

9    https://www.pacer.gov/documents/pacermanual.pdf at p. 5.[9]  Because plaintiff obtained and

10   used a PACER account, he agreed to the policies and procedures that govern the account.[10]

11           Plaintiff does not allege in his Complaint that he ever submitted a claim to the PACER

12   Service Center for the overcharges he alleges in his complaint.  In fact, he has not done so.[11]

13   Garcia Decl. at ¶ 6.

14           Plaintiff cannot simply ignore the exhaustion requirement.  Every provision of the

15   contract, if one exists, must be given effect.  *See, e.g.*, *Jacintoport Int'l LLC v. United States*, 121

16   Fed. Cl. 196, 202, 2015 U.S. Claims LEXIS 619 (2015); *Gould, Inc. v. United States*, 935 F.2d

17   1271, 1274 (Fed. Cir. 1991) (indicating that a preferable interpretation of a contract is one that

18   gives meaning to all parts of the contract rather than one that leaves a portion of the contract

19   "useless, inexplicable, void, or superfluous"); *Marquardt Co. v. United States*, 101 Fed. Cl. 265,

20   269 (2011) ("In interpreting contractual language, the court must give reasonable meaning to all

21   parts of the contract and avoid rendering portions of the contract meaningless." (citation

22   omitted)).[12]  Furthermore, the terms and conditions which govern the use of PACER are

23

24   [9] The Credit Request Form is available on-line.  https://www.pacer.gov/documents/PSC_RefundForm.pdf
     [10] For purposes of resolving this motion, the Court need not decide whether a contract was created.  Rather, if the
25   Court reaches the exhaustion issue, it must only decide whether the exhaustion provision should be enforced.
     [11] The Court can consider the Garcia Declaration without converting this filing into a motion for summary judgment.
26   *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (explaining that it is
     appropriate to consider affidavits on a motion to dismiss for lack of subject matter jurisdiction).  Furthermore, with
27   the exception of noting that plaintiff has never challenged his PACER bill, the declaration summarizes the PACER
     registration process that be viewed on the government website www.pacer.gov, so the Court can take judicial notice
28   of that information.  Plaintiff does not claim in his Complaint that he ever submitted a claim to the PACER Service
     Center, and the fact that he has not done so cannot be disputed.
     [12] These principles also apply to contracts with the government because "[w]hen the United States enters into
     contract relations, its rights and duties therein are governed generally by the law applicable to contracts between

MOTION TO DISMISS
3:15cv5944-BHS - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  enforceable.  *See, e.g.*, *United States v. Redden*, 2010 U.S. Dist. LEXIS 66365, *8-9 (D. Md.

2  June 30, 2010) (finding, in a criminal case, that a PACER use term was enforceable).  Therefore,

3  because plaintiff claims that the registration process and User Manual created a contract, he is

4  bound by the terms therein that require submission of a claim for an alleged overcharge.

5       Plaintiff should be required to pursue his claim first with the agency prior to seeking

6  relief from the Court to effectuate the important policies behind exhaustion.  As the Supreme

7  Court explained in *McKart v. United States*, "no one is entitled to judicial relief for a supposed or

8  threatened injury until the prescribed administrative remedy has been exhausted."  *McKart v.*

9  *U.S.*, 395 U.S. 185, 193 (1969).  The *McKart* Court further explained,

10       [I]t is normally desirable to let the agency develop the necessary factual background upon
11       which decisions should be based. And since agency decisions are frequently of a
         discretionary nature or frequently require expertise, the agency should be given the first
12       chance to exercise that discretion or to apply that expertise. And of course it is generally
         more efficient for the administrative process to go forward without interruption than it is
13       to permit the parties to seek aid from the courts at various intermediate stages.

14  *Id.*  All of those reasons supporting an exhaustion requirement apply in this case.  Requiring

15  plaintiff to exhaust the available administrative remedy would effectuate a clear term in the

16  alleged contract, conserve the parties' and the Court's resources, and allow the agency to

17  exercise its expertise regarding the workings of the PACER system and respond directly to

18  plaintiff's concerns about the accuracy of the PACER formula as applied to his actual usage.

19  Plaintiff has initiated two federal cases on an issue that could potentially be resolved quickly and

20  efficiently through the claims process.  Therefore, the Court should dismiss this matter to allow

21  plaintiff to first pursue his administrative remedies.

22

23

24

25

26

27

28

private individuals."  *Mobil Oil Exploration & Producing Se. v. United States*, 530 U.S. 604, 607 (2000) (internal
citation and quotation omitted ).

MOTION TO DISMISS
3:15cv5944-BHS - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## IV.    CONCLUSION

2

3       For all of the foregoing reasons, defendants request that the Court dismiss plaintiff's

complaint.

4

5

6       DATED this 7th day of March, 2016.

7

8                                                  Respectfully submitted,

9
                                                   ANNETTE L. HAYES
10                                                 United States Attorney

11

12                                                 s/ Sarah K. Morehead
                                                   SARAH K. MOREHEAD, WSBA No. 29680
13                                                 Assistant United States Attorney
                                                   Western District of Washington
14                                                 United States Attorney's Office
                                                   700 Stewart Street, Suite 5220
15                                                 Seattle, Washington 98101-1271
                                                   Phone:  206-553-7970
16                                                 Email:  sarah.morehead@usdoj.gov

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that she is an employee in the Office of the

3

United States Attorney for the Western District of Washington and is a person of such

4

age and discretion as to be competent to serve papers;

5

It is further certified that on March 7, 2016, I electronically filed said pleading

6

with the Clerk of the Court using the CM/ECF system, which will send notification of

7

such filing to the following CM/ECF participant(s):

8

Robert C. Schubert   rschubert@schubertlawfirm.com

9

Noah M. Schubert   nschubert@schubertlawfirm.com

10

Miranda P. Kolbe   mkolbe@schuebertlawfirm.com

11

Beth Terrell          bterrell@terrellmarshall.com

12

I further certify that on March 7, 2016, I mailed by United States Postal Service

13

said pleading to the following non-CM/ECF participant(s)/CM/ECF participant(s),

14

addressed as follows:

15

-0-

16

Dated this 26th day of January, 2016.

17

18

s/ Sharon P. Gore

19

SHARON P. GORE, Legal Assistant
United States Attorney's Office

20

700 Stewart Street, Suite 5220

21

Seattle, Washington 98101-1271
Phone:  206-553-7970

22

Fax:   206-553-4067

23

Email:  sharon.gore@usdoj.gov

24

25

26

27

28

MOTION TO DISMISS
3:15cv5944-BHS - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970