1    The Honorable Benjamin H. Settle

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT FOR THE
9                        WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
10

11

12   BRYNDON FISHER,                          CASE NO.  3:15-cv-5944-BHS

13                            Plaintiff,      DEFENDANTS' MOTION TO
                                              DISMISS PLAINTIFF'S AMENDED
14               v.                           COMPLAINT

15   JAMES C. DUFF, *et al.*,

16                            Defendants.     Note on Motion Calendar: April 29,
                                              2016
17

18          Defendants James C. Duff, the Administrative Office of the United States Courts, and the

19   United States of America, (collectively, "defendants"), by and through their counsel, Annette L.

20   Hayes, United States Attorney for the Western District of Washington, and Sarah K. Morehead,

21   Assistant United States Attorney for said District, hereby file this Motion to Dismiss based on

22   the first-to-file rule because plaintiff is pursuing a nearly identical purported class action before

23   another court.  In the alternative, defendants move to dismiss based on improper venue under

24   Fed. R. Civ. P. 12(b)(3), for failure to state a claim for which relief can be granted under Fed. R.

25

26   Civ. P. 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

27

28

## I.    INTRODUCTION

The first-to-file rule mandates dismissal of this case.  This is the second-filed suit alleging claims of breach of contract and illegal exaction filed by plaintiff Bryndon Fisher on behalf of himself and a purported class alleging overcharges by Public Access to Court Electronic Records ("PACER").  Plaintiff filed a purported class action in the U.S. Court of Federal Claims on December 28, 2015,[1] then the next day, filed a second purported class action in this district alleging identical claims.  Although this Court ultimately has discretion to hear this second-filed action, the first-to-file rule is not to be "disregarded lightly" and departures therefrom are typically justified only in rare instances of bad faith, which is not present here.  Plaintiff's recent filing of an amended complaint, which added one additional claim, does not alter the applicability of the first-to-file rule.  Accordingly, this case should be dismissed.

If the Court is not inclined to dismiss this case under the first-to-file rule, then it should do so based on improper venue because many putative plaintiffs reside outside this district.  Alternatively, the Court should dismiss for lack of jurisdiction and failure to state a claim because plaintiff has failed to exhaust his administrative remedy, failed to comply with a condition precedent in the alleged contract, and failed to allege a regulatory framework that provides a monetary remedy for his claim.

## II.    FACTS

PACER is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and the PACER Case

---

[1] The Court can take judicial notice of court records.  Fed. R. Evid. 201(b); *see e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Locator.  *See* https://www.pacer.gov/;[2] Amended Complaint at ¶ 11.  "PACER is provided by the

2   Federal Judiciary in keeping with its commitment to providing public access to court information

3   via a centralized service."  *Id.*  To that end, PACER allows users to access Court documents for

4   $0.10 per page, up to a maximum charge of $3.00 per transaction.  Amended Complaint at ¶ 2.

5   Plaintiff concedes that PACER accurately calculates the number of pages, and therefore the

6   appropriate charge, when documents are filed in .pdf format.  However, he claims that when a

7   user seeks a docket report, PACER uses a formula that miscalculates the number of pages, and

8   an overcharge results.  *Id.* at ¶¶ 1-3.  Specifically, plaintiff notes that for an HTML-formatted

9   report, such as a docket report, PACER charges based on the "bytes extracted" for a docket sheet

10  "before the document is reformatted as a webpage."  *Id.* ¶¶ 24-26.  Plaintiff alleges that he has

11  retained "expert consultants" and that the investigation conducted by these experts found that

12  "the PACER system actually miscalculates the number of extracted bytes in a docket report,

13  resulting in an overcharge to users."  *Id.* ¶¶ 34-35.  Plaintiff does not explain how he or his

14  experts calculated or obtained the number of bytes that were extracted by PACER before

15  reformatting the docket sheets accessed by plaintiff.  Plaintiff alleges that over the past two

16  years, he accessed 184 court dockets and paid a total of $109.40, representing an alleged

17  overcharge of $37.00.  *Id.* at ¶ 31.

18       Based on those alleged overcharges, plaintiff filed a complaint asserting claims for

19  breach of contract and illegal exaction.  Dkt. #1.  Defendants filed a motion to dismiss the

20  complaint based primarily on the first-to-file rule.  Dkt. #14.  On the day his response to the

---

[2] The Court can take judicial notice of information on government websites that is not subject to dispute.  Fed. R. Evid. 201; *Ariz. Libertarian Party v. Bennett*, 784 F.3d 611, 616 n.3 (9th Cir. 2015).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

motion to dismiss was due, plaintiff filed an amended complaint, adding a claim for breach of an alleged duty of good faith and fair dealing.  Dkt. #16.

Plaintiff claims that this Court has jurisdiction under 28 U.S.C. § 1346(a)(2), known as the Little Tucker Act.  The Little Tucker Act waives sovereign immunity and provides the district court concurrent jurisdiction with the United States Court of Federal Claims for claims based on an alleged breach of contract or illegal exaction not exceeding $ 10,000.  28 U.S.C. § 1346(a)(2); *Price v. U. S. Gen. Serv. Admin.*, 894 F.2d 323, 324 (9th Cir. 1990); *Bautista-Perez v. Mukasey*, 2008 U.S. Dist. Lexis 11358, *12-13 (N.D. Cal. 2008) (citation omitted; explaining that illegal exaction claims are "typically brought under the Tucker Act.").

Before filing his Complaint in this Court, plaintiff filed a Complaint in the Court of Federal Claims based on the same allegations, facts, and damages.  *See Bryndon Fisher, Individually and Behalf of All Others Similarly Situated v. United States of America*, 1:15-cv-01575C, pending in the United States Court of Federal Claims before The Honorable Thomas C. Wheeler.  (Dkt. #1, hereinafter, the "Court of Federal Claims Complaint," at ¶ 29, claiming plaintiff was overcharged $37.00).  Based on an unopposed motion for extension of time, the government's deadline to answer or otherwise respond to the Court of Federal Claims Complaint is April 11, 2016.

### III.    ANALYSIS

### A.  Applicable Dismissal Standards

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim.  Subject matter jurisdiction is a threshold issue that goes to the court's power to hear the case.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*,

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

523 U.S. 83, 94-95 (1998).  A motion to dismiss for lack of subject matter jurisdiction can attack the allegations either facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A moving party factually attacks the allegations by "disput[ing] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  A moving party facially attacks the allegations by asserting "that allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

Nevertheless, plaintiff must assert "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B.  This Action Should Be Dismissed Based on the First-to-File Rule

#### 1.  The First-to-File Rule

The first-to-file rule is a "generally recognized doctrine of federal comity that allows a district court to decline jurisdiction over an action when a complaint involving the same parties

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  If the rule applies, the district court presiding over the second-filed action has the discretion to transfer, stay, or dismiss the second action in the interest of efficiency and judicial economy.  *See, e.g.*, *Cedar Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  In addition to promoting efficiency and judicial economy, the rule serves to avoid the potential of conflicting judgments.  *See, e.g.*, *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).  The rule exists because "a litigant has no right to maintain a second action duplicative of another." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999).

To determine whether the first-to-file rule applies, courts consider three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *See, e.g.*, *Wright v. RBC Capital Mkts. Corp.*, 2010 U.S. Dist. LEXIS 80165, *14-15 (E.D. Cal. June 24, 2010) (citation omitted).  However, the rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Medlock v. HMS Host USA, Inc.*, 2010 U.S. Dist. LEXIS 133143, *8 (E.D. Cal. Dec. 15, 2010) (citing *Pacesetter*, 678 F.2d at 94-95).  Accordingly, courts consider "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' and that 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Medlock*, 2010 U.S. Dist. LEXIS 133143, at 8 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

Courts in this district routinely apply the first-to-file rule to dismiss a second filed action.  For example, in *CRU Acquisition Group, LLC v. Mykey Tech. Inc.*, the court granted a motion to

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

dismiss a second filed action in favor of the first filed action.  Case No. 11-05743-RBL; 2012 U.S. Dist. LEXIS 17084 (W.D. Wash. Feb. 10, 2012); *see also Music Group Servs. US, Inc. v. Inmusic Brands, Inc.*, Case No. 13-182-MJP, 2013 U.S. Dist. LEXIS 52621 (W.D. Wash. Apr. 11, 2013) (dismissing second filed action); *JD Inv. Co., LLC v. Agrihouse, Inc.* , No. C08-1661-RSM, 2009 WL 113277, at *2 (W.D. Wash. Jan. 13, 2009) (dismissing second-filed action); *Am. Guar. & Liab. Ins. Co. v. United States Fidelity & Guar. Co.*, Case No. 06-1254-RSM, 2006 U.S. Dist. LEXIS 88627 (W.D. Wash. Dec. 4, 2006) (transferring second-filed action).

### 2.   The Action Before the Court of Federal Claims Was First Filed

The matter proceeding before the Court of Federal Claims was filed on December 28, 2015.  *Fisher v. United States*, 15-1575C, Dkt. #1.  The complaint in this matter was filed on December 29, 2015.  Dkt. #1.  The Court of Federal Claims suit was first filed.  The first-to-file rule is applicable even if, as here, the actions were filed only one day apart.  *See. e.g.*, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 939 (Fed. Cir. 1993).

The fact that plaintiff amended his complaint in this action does not change the order in which the actions were commenced.  Rather, the determination of which action was first-filed is made based on which court "first acquired jurisdiction," which was undisputedly the Court of Federal Claims.  *See, e.g.*, *Pacesetter*, 678 F.2d at 95.

### 3.   The Parties Are Nearly Identical

The identity of the parties also supports application of the first-to-file rule.  The named plaintiff in both suits is the same individual, Bryndon Fisher.  In both cases, he seeks to represent a class of PACER users.  In a class action, courts have suggested that the identity of the classes must be compared to determine the applicability of the first-to-file rule.  *See, e.g.*, *Jeske v. Cal.*

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  *Dep't of Corr. & Rehab.*, 2012 U.S. Dist. LEXIS 45508 (E.D. Cal. Mar. 20, 2012).  Doing so in

2  this case supports application of the first-to-file rule.  Before the Court of Federal Claims,

3  plaintiff seeks to represent the following class:

4

5      All PACER users who, within the last six years, accessed a U.S. District Court, U.S.
       Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one
6      docket report in HTML format that included a case caption containing 850 or more
       characters.
7

8  Court of Federal Claims Complaint at ¶ 37.  In the Amended Complaint before this Court,

9  plaintiff seeks to represent the following class:

10

11     All PACER users who, within the last six years, accessed a U.S. District Court, U.S.
       Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one
12     docket report in HTML format that included a case caption containing 850 or more
       characters.
13

14     Expressly excluded from the Class are PACER users who have been damaged in excess
       of $10,000 as a result of the conduct alleged herein.
15

16 Amended Complaint at ¶ 42.  Both proposed classes contain an identical exclusion of "the

17 United States government and the agencies and officers thereof and any judges, justices, or

18 judicial officers presiding over this matter, the members of their immediate families, and their

19 judicial staff."  Amended Complaint at ¶ 43; Court of Federal Claims Complaint at ¶ 38.

20

21     Review of the class allegations shows that the classes Mr. Fisher seeks to represent are

22 identical, with one exception: the class he seeks to represent before this Court excludes PACER

23 users with damages in excess of $10,000, while the Court of Federal Claims Complaint includes

24 those users.  Amended Complaint at ¶ 42.  The parties need not be identical in the two actions for

25 the first-to-file rule to apply.  *See, e.g.*, *Jeske*, 2012 U.S. Dist. LEXIS 45508 at *18.  It is

26 sufficient that the parties are "substantially similar, although not identical."  *Music Group Servs.*

27 *US, Inc.*, 2013 U.S. Dist. LEXIS 5262, *5; *Lovell v. United Airlines, Inc.*, 2010 U.S. Dist. LEXIS

28

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   42069 (D. Haw. Apr. 29, 2010) (explaining that "the presence of some additional parties will not

2   defeat application of the rule.").

3

4   In fact, the potential additional class members before the Court of Federal Claims support

5   dismissal of this action because all of the purported class members in this case are class members

6   in the purported class before the Court of Federal Claims.  There is no need for two cases to

7   proceed pursuing the same claims and damages for the same people.  Moreover, the Court of

8   Federal Claims has concurrent jurisdiction with this Court over breach of contract claims for less

9   than $10,000, whereas only the Court of Federal Claims has jurisdiction over claims for $10,000

10  or more.  *See, e.g.*, *Wilkins v. United States*, 279 F.3d 782, 786 (9th Cir. 2002) ("The Court of

11  Federal Claims has exclusive jurisdiction over non-tort claims against the United States in excess

12  of $10,000.") (citing 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1)).  As a result, all of the purported

13  plaintiffs in both putative class actions could obtain relief before the Court of Federal Claims, but

14  they could not in this district.  Therefore, both the conservation of judicial resources and the need

15  for comprehensive disposition of litigation favor dismissing this action in favor of the action

16  before the Court of Federal Claims.

17

18  Moreover, the defendants are effectively identical.  Although plaintiff also named the

19  Administrative Office of the United States Courts (the "AO") and Director James C. Duff in his

20  official capacity in this lawsuit, neither is a proper party.  When plaintiffs name as defendants

21  federal officials in the official capacities, the claims are considered to be raised against the

22  United States.  *See, e.g.*, *Wright v. Gregg*, 685 F.2d 340, 341-42 (9th Cir. 1982) (explaining that

23  suit against the Director of the Bureau of Land Management was a suit against the United

24  States); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983)

25  (explaining that an action against a public official is an action against the United States when

1  "the judgment sought would expend itself on the public treasury …, or if the effect of the

2  judgment would be to restrain the Government from acting, or compel it to act.").  Furthermore,

3  both the AO and Mr. Duff should be dismissed as defendants for lack of jurisdiction.  The Little

4  Tucker Act allows suits "against the United States," not against individual federal officers or

5  agencies.  28 U.S.C. § 1346(a)(2); *see, e.g.*, *Bautista-Perez v. Holder*, 681 F. Supp. 2d 1083,

6  1088 (N.D. Cal. 2009); *Briggs v. United States*, 564 F. Supp. 2d 1087, 1094 (N.D. Cal. 2008)

7  (dismissing claims against federal agency under the Little Tucker Act because the United States

8  is the only proper defendant).  Therefore, the Court should apply the first-to-file rule based on

9  the nearly identical nature of the parties in both lawsuits and the fact that the purported class

10  before the Court of Federal Claims includes everyone who might be a class member before this

11  Court.

12

13

14

15          4.  **The Claims and Issues Presented Are Substantially Similar**

16

17          The issue presented in both cases is the same: whether the PACER system miscalculates

18  the number of pages for docket sheets and therefore overcharges users as plaintiff alleges.

19  Plaintiff claims the same damages in both actions: $37.00 in alleged overcharges for docket

20  sheets.  Amended Complaint at ¶ 34; Court of Federal Claims Complaint at ¶¶ 28-29.

21

22          In both actions, plaintiff asserts claims for breach of contract and illegal exaction.  The

23  fact that he has amended his complaint to assert a third claim in this action on the very day his

24  response to the Motion to Dismiss on the first-to-file grounds was due does not alter the result.

25  If plaintiff wishes to pursue his additional claim before the Court of Federal Claims, he may

26

27

28

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  amend his complaint to do so.[3]  Furthermore, the claims need not be identical for the first-to-file

2  rule to apply.  *See, e.g.*, *Jeske*, 2012 U.S. Dist. LEXIS 45508, *17 (applying the first-to-file rule

3  even though the second-filed suit involved three additional claims).  Instead, "substantial

4  similarity" is sufficient.  *Id.*  "Slight differences in the claims asserted do not prevent application

5  of the rule where the underlying complained-of conduct is almost identical."  *Walker v.*

6  *Progressive Casualty Ins. Co.*, 2003 U.S. Dist. LEXIS 7871, *7-8 (W.D. Wash. May 9, 2003).

7  Here, the complained-of conduct is identical.  Moreover, the evidence needed to litigate the issue

8  of whether the PACER system overcharges is the same in both actions, regardless of how

9  plaintiff styles his claims.  There is no point to having two different courts consider the same

10  evidence and issue.  In addition to the waste of resources, litigating the identical issue in two

11  different fora could result in inconsistent results.

12

13  Plaintiff may argue that the issues are different because in this action, he requested an

14  injunction "permanently enjoining Defendants from their improper conduct."  Amended

15  Complaint at p. 19 (Prayer for Relief at ¶ E).  However, before the Court of Federal Claims,

16  plaintiff also requested equitable relief, seeking, "All other relief, including equitable and

17  injunctive relief, that this Court deems necessary, just, and proper."  Court of Federal Claims

18  Complaint, Dkt. #1 at p. 15 (Prayer for Relief at ¶ H).  Therefore, the relief requested is

19  essentially the same.

20

21  In addition to the fact that the request for equitable relief is the same in both actions, the

22  courts' jurisdiction to grant such a request is the same.  The "grant of jurisdiction under the

23  Tucker Act and the Little Tucker Act is the same."  *Santucci v. Unites States State Dep't*, 2005

---

[3] *See, e.g.*, *Ingham Reg'l Med. Ctr. v. United States*, 2016 U.S. Claims LEXIS 216, *111 (Fed. Cl. Mar. 22, 2016) (considering claim for breach of the covenant of good faith and fair dealing).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

U.S. Dist. LEXIS 29028, *11 n.4 (D. Ariz. Nov. 21, 2005) (citing *Kipperman v. McCone*, 422 F. Supp. 860, 868 (D.C. Cal. 1976); *see also Richardson v. Morris*, 409 U.S. 464, 465-66 (1973) (explaining that "the jurisdiction of the district courts under the [Little Tucker] Act was expressly made concurrent with the Court of Claims."); *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985) (explaining that the limitations on the Court of Claims' jurisdiction to grant equitable relief "also limit the relief that the district courts may grant when exercising their concurrent" Little Tucker Act jurisdiction). The Tucker Act and Little Tucker Act "impliedly forbid[] declaratory and injunctive relief," regardless of the forum. *Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 646 (9th Cir. 1998); *Richardson*, 409 U.S. at 464-65.[4]   However, the Court of Federal Claims has jurisdiction to grant equitable relief if it is "associated with and subordinated to" the claim for monetary damages. *See, e.g.*, *Wilkins*, 279 F.3d at 785; *Schulthess v. U.S.*, 694 F.2d 175, 178-79, n.4 (9th Cir. 1982) (explaining that the Court of Federal Claims can grant equitable relief if the claim for equitable relief is "inseparable" from the claim for monetary damages). Therefore, plaintiff cannot contend that any request for equitable relief entitles him to pursue a second, duplicative action in this district.

### 5.   None of the Exceptions to the First-to-File Rule Apply in this Case

Although the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," a departure from the first-to-file rule is extended only under limited circumstances, including bad faith, anticipatory suit, or forum shopping. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter*, 678 F.2d at 95. Accordingly, there must "be sound reason that would make it unjust or inefficient to continue the first-filed action."

---

[4] *Gonzales & Gonzales v. Dep't. of Homeland Sec.*, 490 F.3d 940, 943 (9th Cir. 2007) ("the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances."); *North Star Alaska v. United States*, 9 F.3d 1430, 1432 (9th Cir. 1993).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Genentech*, 998 F.2d at 938.  Any arguments that the rule should be disregarded based on the convenience of the parties should be directed to the court in the first-filed action.  *Alltrade, Inc.*, 946 F.2d at 628 (citing *Pacesetter*, 678 F.2d at 96).

None of the other factors that would justify an exception to the first-to-file rule apply in this case.  There is no evidence of bad faith, anticipatory suit, or forum shopping by defendants.  Therefore, the rule should be applied, and this matter should be dismissed in favor of the nearly identical, first-filed case proceeding before the Court of Federal Claims.

## C.  In the Alternative, the Court Should Dismiss Based on Improper Venue

If the Court declines to dismiss or transfer this matter based on the first-to-file rule, it should dismiss or transfer[5] this matter for improper venue because plaintiff seeks to represent a global class of plaintiffs, the majority of whom likely do not reside in this district.  Amended Complaint at ¶ 42.  The venue provision of the Little Tucker Act states in relevant part: "(a) Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . in the judicial district where the plaintiff resides."  28 U.S.C. § 1402.  Although some courts have held that venue is proper where the named plaintiff resides,[6] the better-reasoned decisions have held that for multi-plaintiff actions, venue "must be satisfied for every plaintiff."  *Favereau v. United States*, 44 F. Supp. 2d 68, 1999 U.S. Dist. LEXIS 4899 (D. Me. 1999) (transferring purported class action to the Court of Federal Claims,

---

[5] If venue is improper, the Court can transfer this matter pursuant to 28 U.S.C. § 1406(a) because this case could have been brought before the Court of Federal Claims.  Defendants do not object to a transfer of this matter to the Court of Federal Claims.  As a practical matter, however, there appears to be no need to transfer since the purported class is subsumed in the purported class before the Court of Federal Claims.

[6] No appellate court has yet addressed the issue.  Some district courts have concluded that a Little Tucker Act class action can proceed in the district where the named plaintiff resides even if members of the putative class reside outside the district.  *See, e.g.*, *Bautista-Perez*, 681 F. Supp. 2d at 1093; *Briggs v. United States*, 2009 U.S. Dist. LEXIS 5442, 15-20 (N. D. Cal. Jan. 16, 2009).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

which was "the only forum in which Plaintiffs can pursue their claims in a single action"); *see also Saraco v. Hallett*, 831 F. Supp. 1154, 1162 (E.D. Pa. 1993); *Brooks v. Weinberger*, 637 F. Supp. 22 (D.D.C. 1986); *Davila v. Weinberger*, 600 F. Supp. 599, 604 (D.D.C. 1985); *National Treasury Employees Union v. Reagan*, 629 F. Supp. 762 (D.D.C. 1985). These holdings are consistent with the plain language of the statute, which, unlike the general venue statute, does not permit venue in "any" judicial district. Also, allowing a global class to pursue their Little Tucker Act claims before a district court would encourage forum shopping. *See, e.g.*, *Favereau*, 44 F. Supp. at 72. Moreover, the Little Tucker Act permits venue in a plaintiff's home district to "prevent the hardship on those with small claims of litigating away from home." *Id.* That rationale is inapplicable in this case, where plaintiff, by his own choice, is already litigating the same claims before the Court of Federal Claims, and, given his expansive proposed class, most potential class members will have to litigate away from home as well.

Finally, additional venue complications arise because plaintiff has attempted to include within his proposed class a global class of "all" PACER users with claims less than $10,000. Individuals who reside outside the United States may use PACER,[7] but foreign nationals do not reside in any judicial district for venue purposes. *See, e.g.*, *Topsnik v. United States*, 2012 U.S. Dist. LEXIS 189638, *2-3 (C.D. Cal. Jan. 17, 2012); *Bigio v. United States*, 710 F. Supp. 790, 791 (S.D. Fla. 1989). Instead, when Section 1402(a) applies, they can only litigate their claims before the Court of Federal Claims absent other statutory authority inapplicable here. *See, e.g.*, *Topsnik*, 2012 U.S. Dist. LEXIS 189638, *2-3; *Bigio*, 710 F. Supp. at 791. Therefore, the Court should dismiss or transfer this matter to the Court of Federal Claims for improper venue.

---

[7] The PACER website states, "PACER is available to anyone who registers for an account." https://www.pacer.gov/ During the registration process, individuals input their address and can choose their country from a drop-down list. https://pacer.psc.uscourts.gov/pscof/registration.jsf

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**D.      This Matter Must Be Dismissed Because Plaintiff Has Not Exhausted His Administrative Remedy**

If the Court declines to dismiss this matter based on the first-to-file rule or improper venue, it should dismiss it for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction because plaintiff has failed to exhaust his administrative remedy.[8] He should be required to exhaust prior to pursuing this lawsuit.[9]  *See, e.g.*, *United States v. Joseph A. Holpuch Co.*, 328 U.S. 234, 239-240 (1946) (dismissing claim where government contractor failed to first exhaust the administrative appeal provisions set forth in the contract); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979); *Myers v. U.S. Post Office*, 2013 U.S. Dist. LEXIS 10991, * 5-6 (D. Ariz., Jan. 28, 2013) (explaining that the court lacked jurisdiction over plaintiff's claim for breach of a postal insurance contract because plaintiff had not exhausted his administrative remedies).

Plaintiff claims that a contract was created when he registered for a PACER account. "As part of the process to register and access PACER, Plaintiff and the Class entered into a contract with the AO."  Amended Complaint at ¶ 52.  Plaintiff further alleges, "This contract incorporated the terms provided to Plaintiff and the Class during the registration process for PACER, including the PACER User Manual."  *Id.* at ¶ 53.

If the registration process created a contract as plaintiff alleges, the contract would include the terms provided during the registration process as plaintiff concedes.  Those terms include an exhaustion requirement.  In order to register for a PACER account, an individual must

---

[8] The United States enjoys sovereign immunity unless it consents to be sued; "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).
[9] Defendants reserve the right to later move for summary judgment in the proper forum on all alleged PACER overcharges for which plaintiff has not timely exhausted his administrative remedies once the details of those alleged overcharges become known.

click to check a box to "acknowledge that you have read and understand the policies and procedures listed above."  Declaration of Anna Marie Garcia ("Garcia Decl.") at ¶ 3; https://pacer.psc.uscourts.gov/pscof/registration.jsf (acknowledgement visible after completing the form).  As set forth on the website, checking the acknowledgement is "Required information."  An individual cannot obtain a PACER account without checking the box acknowledging that he or she has read and understands the policies and procedures listed above the acknowledgement.  *Id.*  One of those terms listed above the acknowledgment explicitly states, "I must alert the PACER Service Center to any errors in billing within 90 days of the date of the bill."  *Id.; see also* https://www.pacer.gov/documents/pacer_policy.pdf  ("PACER Policy").  Similarly, the PACER User's Manual that plaintiff references in the Amended Complaint states, "If you think there is an error on your bill, you must submit the Credit Request Form.  Requests may also be faxed to the PACER Service Center at (210) 301-6441." https://www.pacer.gov/documents/pacermanual.pdf at p. 5.[10]  Because plaintiff obtained and used a PACER account, he agreed to the policies and procedures that govern the account.[11]

Plaintiff does not allege in his Amended Complaint that he ever submitted a claim to the PACER Service Center for the overcharges he alleges in his complaint.  In fact, he has not done so.[12]  Garcia Decl. at ¶ 6.

---

[10] The Credit Request Form is available on-line.  https://www.pacer.gov/documents/PSC_RefundForm.pdf
[11] For purposes of resolving this motion, the Court need not decide whether a contract was created.  Rather, if the Court reaches the exhaustion issue, it must only decide whether the exhaustion provision should be enforced.
[12] The Court can consider the Garcia Declaration without converting this filing into a motion for summary judgment. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (explaining that it is appropriate to consider affidavits on a motion to dismiss for lack of subject matter jurisdiction).  Furthermore, with the exception of noting that plaintiff has never challenged his PACER bill, the declaration summarizes the PACER registration process that be viewed on the government website www.pacer.gov, so the Court can take judicial notice of that information.  Plaintiff does not claim in his Complaint that he ever submitted a claim to the PACER Service Center, and the fact that he has not done so cannot be disputed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

Plaintiff cannot simply ignore the exhaustion requirement.  Every provision of the contract, if one exists, must be given effect.  *See, e.g.*, *Jacintoport Int'l LLC v. United States*, 121 Fed. Cl. 196, 202, 2015 U.S. Claims LEXIS 619 (2015); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (indicating that a preferable interpretation of a contract is one that gives meaning to all parts of the contract rather than one that leaves a portion of the contract "useless, inexplicable, void, or superfluous"); *Marquardt Co. v. United States*, 101 Fed. Cl. 265, 269 (2011) ("In interpreting contractual language, the court must give reasonable meaning to all parts of the contract and avoid rendering portions of the contract meaningless." (citation omitted)).[13]  Furthermore, the terms and conditions which govern the use of PACER are enforceable.  *See, e.g.*, *United States v. Redden*, 2010 U.S. Dist. LEXIS 66365, *8-9 (D. Md. June 30, 2010) (finding, in a criminal case, that a PACER use term was enforceable).  Therefore, because plaintiff claims that the registration process and User Manual created a contract, he is bound by the terms therein that require submission of a claim for an alleged overcharge.

17
18
19
20
21
22
23

Plaintiff should be required to pursue his claim first with the agency prior to seeking relief from the Court to effectuate the important policies behind exhaustion.  As the Supreme Court explained in *McKart v. United States*, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  *McKart v. U.S.*, 395 U.S. 185, 193 (1969).  The *McKart* Court further explained,

24
25
26

[I]t is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. And of course it is generally

27
28

[13] These principles also apply to contracts with the government because "[w]hen the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *Mobil Oil Exploration & Producing Se. v. United States*, 530 U.S. 604, 607 (2000) (internal citation and quotation omitted ).

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  more efficient for the administrative process to go forward without interruption than it is
2  to permit the parties to seek aid from the courts at various intermediate stages.

3  *Id.*

4      The policy reasons supporting an exhaustion requirement apply in this case.  Plaintiff's
5  purported claims of billing errors are clearly a matter of highly specific expertise.  By plaintiff's
6  own admission, they required him to retain "expert consultants with advanced degrees in
7  computer science and substantial expertise in the field" in order to "discover why and how" the
8  allege overcharge occurred.  Amended Complaint ¶ 37.  If plaintiff would submit a claim for a
9  specific alleged overcharge to the PACER Service Center, he and his experts could engage in a
10  dialog with experts at the PACER Service Center and allow the agency to exercise its expertise
11  regarding the workings of the PACER system and respond directly to plaintiff's concerns about
12  the accuracy of the PACER formula as applied to his actual usage.  Requiring plaintiff to exhaust
13  the available administrative remedy would also effectuate a clear term in the alleged contract,
14  and conserve the parties' and the Court's resources.  Plaintiff has initiated two federal cases on
15  an issue that could potentially be resolved quickly and efficiently through the claims process.
16
17      Finally, plaintiff's assertion that he satisfied the exhaustion requirement by "vicariously
18  notifying the AO of the systemic billing errors with PACER" is insufficient to demonstrate that
19  he has exhausted his administrative remedy.  Amended Complaint at ¶ 66.  Rather than
20  "vicarious" notification of a "systemic" issue, the alleged contract requires an individual to
21  submit a claim regarding his or her specific bill: "If *you* think there is an error on *your bill*, *you*
22  must submit the Credit Request Form."  *See, e.g.*,
23  https://www.pacer.gov/documents/pacermanual.pdf (PACER User Manual) at 5 (emphasis
24  added) PACER Policy ("I must alert the PACER Service Center to any errors in billing within 90

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 18

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    days of the date of the bill.").  Therefore, the Court should dismiss this matter to allow plaintiff
2    to first pursue his administrative remedies.
3
4        **E.  Plaintiff Has Not Satisfied a Condition Precedent of the Alleged Contract**
5
6            Plaintiff claims that the Government has breached a contract by overcharging him for his
7    PACER usage.  Under Washington law, "a breach of contract is actionable only if the contract
8    imposes a duty, the duty is breached, and the breach proximately causes damages to the
9    claimant."  *Woods v. Conagra Foods Lamb Weston, 2015 U.S. Dist. LEXIS 120053*, *4 (E.D.
10   Wash. Sept. 4, 2015) (quoting *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App.
11   707, 712, 899 P.2d 6 (1995)).  Plaintiff cannot establish breach or any resulting damages
12   because, as set forth above, any such contract includes the requirement that plaintiff "must alert
13   the PACER Service Center to any errors in billing within 90 days of the date of the bill."
14   PACER Acknowledgement; PACER Policy; PACER User Manual at p. 5.  That requirement is a
15   condition precedent, an event that must occur before plaintiff has any right to a refund or
16   damages.  *See, e.g.*, *Tacoma Northpark, LLC v. NW, LLC*, 123 Wn. App. 73, 79, 96 P.3d 454
17   (2004) (defining condition precedent under Washington law).[14]  Based on the documents that
18   plaintiff claims create a contract, any contractual duty to refund users for alleged billing errors is
19   limited to claims that were properly submitted in accordance with the alleged contract.  Any
20   claim that the Government breached its obligations under the alleged contract is similarly limited
21   by that contract itself to those alleged breaches that were properly submitted to the PACER
22   Service Center in accordance with the alleged contract.  Because plaintiff has not filed a claim
23   for a refund, he has not stated a claim for breach of contract.
24
25   _____
26   [14] *See also* 13 *Williston on Contracts* § 38:7 (4th ed.) ("A condition precedent is either an act of a party that must be
27   performed or a certain event that must happen before a contractual right accrues or a contractual duty arises.")

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 19

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plaintiff has attempted to excuse his non-compliance with the condition precedent by vaguely stating, "Plaintiff and the Class performed their duties under the contract or were excused from doing so by waiver, impossibility, impracticability, and/or prevention or hindrance of the contract through a breach of the covenant of good faith and fair dealing."  Amended Complaint at ¶ 64; *see also id.* at ¶ 65.  Plaintiff's vague—and internally inconsistent—assertion is unsupported by any factual allegations.  It is therefore insufficient to withstand a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (complaints that plead only "a formulaic recitation of the elements of a cause of action" or "naked assertions" devoid of "further factual enhancement" are insufficient to meet the proper pleading standard) (quoting *Twombly*, 550 U.S. at 555, 557).

### F.  Plaintiff Has Not Alleged a Statutory Remedy that Supports an Illegal Exaction Claim

An illegal exaction claim may be maintained under the Little Tucker Act when "'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'"  *Briggs v. United States*, 564 F. Supp. 2d 1087, 1093 (N.D. Cal. Apr. 7, 2008) (quoting *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996)).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) because the statutory/regulatory framework on which plaintiff relies expressly requires his claims to be submitted to the PACER Service Center.

Plaintiff cites the "E-Government Act of 2002, the Electronic Public Access Fee Schedule" as well as "further policies and procedures promulgated by the [Administrative Office of the United States Courts (AO)] in the PACER User Manual," along with "other related policies and procedures promulgated by the AO" as the basis for his exaction claim.  Amended Complaint ¶¶ 72-76.  He then alleges that these laws and regulations "lead to the ineluctable

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 20

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   conclusion that they provide a monetary remedy for fees charged in excess of the prescribed

2   limits." *Id.* ¶ 76.  However, the PACER User Manual and "policies and procedures promulgated

3   by the AO," which plaintiff claims are part of the 'statute or provision' causing the exaction,

4   provide a monetary remedy only if the user submits a claim to the PACER Service Center as

5   required.  Amended Complaint ¶¶ 75-76.  Specifically, the framework alleged by plaintiff

6   expressly limits the monetary remedy to those claims that are submitted to the PACER Service

7   Center within 90 days of the bill.  Pacer Policy (users "must alert the PACER Service Center to

8   any errors in billing within 90 days of the date of the bill"); Pacer User Manual at 5 ("If you

9

10  think there is an error on your bill, you must submit the Credit Request Form.").  The Amended

11  Complaint does not allege that plaintiff took that necessary step to receive a refund.

12  Accordingly, plaintiff has failed to allege that the PACER authorities he cited provide a remedy

13

14  for the specific exactions he alleges.

15          Plaintiff's claim is dependent on the inclusion of the PACER User Manual and other AO

16  policies and procedures, including the PACER Policy, because his cited statutory authority states

17

18  only that the Director of the AO and the Judicial Conference may "prescribe reasonable fees" for

19  PACER information, 28 U.S.C. § 1913, and that those fees are $0.10 per "page" for docket

20  reports, not to exceed thirty pages.  28 U.S.C. §§ 1913, 1914, 1926, 1930, 1932.  Plaintiff relies

21

22  on the formula that exists in the PACER User Manual and other AO policies and procedures for

23  the method for calculating a page.  Therefore, as plaintiff concedes, those documents are a

24  necessary part of the framework supporting plaintiff's alleged exaction.[15]  Amended Complaint

25

26  _____

27  [15]  In addition, the statutory authority cited by plaintiff expressly recognizes that the PACER Service Center is a part
    of the regulatory framework, by including "PACER Service Center" fees as part of the "the Electronic Public
28  Access Fee Schedule" included in the law.  http://www.uscourts.gov/services-forms/fees/electronic-public-access-
    fee-schedule; Amended Complaint ¶¶ 71, 72 (listing the "Electronic Public Access Schedule" as a source of
    authority that plaintiff alleges "provide" a remedy for his claim).

¶¶ 23-26.  Those same policies and procedures, however, are fatal to plaintiff's exaction claim, because they also require claims to be submitted to the PACER Service Center within 90 days of the date of the bill.  Because plaintiff has not done so, his illegal extraction claim fails to state a claim.

### IV.    CONCLUSION

For all of the foregoing reasons, defendants request that the Court dismiss plaintiff's Amended Complaint.

DATED this 6th day of April, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

s/ Sarah K. Morehead
SARAH K. MOREHEAD, WSBA No. 29680
Assistant United States Attorney
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Email:  sarah.morehead@usdoj.gov

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
3:15cv5944-BHS - 22

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | CERTIFICATE OF SERVICE

2 |     The undersigned hereby certifies that she is an employee in the Office of the United

3 | States Attorney for the Western District of Washington and is a person of such age and discretion

4 | as to be competent to serve papers;

5 |     It is further certified that on April 6, 2016, I electronically filed said pleading with the

6 | Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

7 | following CM/ECF participant(s):

8 |     Robert C. Schubert        rschubert@schubertlawfirm.com

      Noah M. Schubert        nschubert@schubertlawfirm.com

9 |     Miranda P. Kolbe        mkolbe@schuebertlawfirm.com

10 |     Beth Terrell            bterrell@terrellmarshall.com

11 |

12 |     Dated this 6th day of April, 2016.

13 |

14 |                             s/ Sharon P. Gore
                                SHARON P. GORE, Legal Assistant
15 |                             United States Attorney's Office
                                700 Stewart Street, Suite 5220
16 |                             Seattle, Washington 98101-1271
                                Phone:  206-553-7970
17 |                             Fax:   206-553-4067
                                Email:  sharon.gore@usdoj.gov
18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |