UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYNDON FISHER,

    Plaintiff,

  v.

JAMES C. DUFF, et al.,

    Defendants.

CASE NO. C15-5944 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants James Duff, Administrative Office of the United States Courts, and the United States' (collectively "Defendants") motion to dismiss (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 28, 2015, Plaintiff Bryndon Fisher ("Fisher") filed a class action complaint against the United States in the Court of Federal Claims ("CFC Comp."). *See Fisher v. United States*, U.S. Court of Federal Claims Case No. 1:15-cv-01575-TCW.

ORDER - 1

The next day, Fisher filed a class action complaint against Defendants in this Court.  Dkt. 1.

In both suits, Fisher alleges that the Public Access to Court Electronic Records ("PACER") system systematically overcharges users for accessing docket reports.  CFC Comp. ¶ 1; Dkt. 16 ("Comp.") ¶ 1.  Fisher claims that over the last two years he accessed 184 docket reports on PACER and was overcharged $37.  CFC Comp. ¶¶ 28–29; Comp. ¶¶ 33–34.

Based on the alleged overcharges, Fisher asserts claims for breach of contract and illegal exaction.  CFC Comp. ¶¶ 46–63; Comp. ¶¶ 51–59, 70–79.  Fisher claims this Court has jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  Comp. ¶ 6. The Little Tucker Act provides that district courts have concurrent jurisdiction with the Court of Federal Claims over claims seeking $10,000 or less against the United States. *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008).

In the Court of Federal Claims suit, Fisher seeks to represent the following class under Court of Federal Claims Rule ("RCFC") 23:

> All PACER users who, within the last six years, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters.

CFC Comp. ¶ 37.  In this suit, Fisher seeks to represent the following class under Federal Rule of Civil Procedure ("FRCP") 23:

> All PACER users who, within the last six years, accessed a U.S. District Court, U.S. Bankruptcy Court, or the U.S. Court of Federal Claims and were charged for at least one docket report in HTML format that included a case caption containing 850 or more characters.

>       Expressly excluded from the Class are PACER users who have been
> damaged in excess of $10,000 as a result of the conduct alleged herein.

Comp. ¶ 42.  RCFC 23 provides an opt-in class certification procedure, while FRCP 23 provides an opt-out procedure.  *See Bright v. United States*, 603 F.3d 1273, 1284 (Fed. Cir. 2010).

On March 7, 2016, Defendants moved to dismiss.  Dkt. 14.  On March 28, 2016, Fisher filed an amended complaint, which added a claim for breach of the implied covenant of good faith and fair dealing.  Comp. ¶¶ 60–69.

On April 6, 2016, Defendants moved to dismiss Fisher's amended complaint.  Dkt. 17.  On May 2, 2016, Fisher responded.  Dkt. 22.  On May 13, 2016, Defendants replied.  Dkt. 23.

## II. DISCUSSION

Defendants contend this suit should be dismissed under the "first-to-file" rule because Fisher has already filed a substantially similar suit in the Court of Federal Claims.  Dkt. 17 at 5–13.  Fisher opposes the motion, arguing the rule does not apply.  Dkt. 22 at 10.  Alternatively, Fisher argues this suit should be stayed rather than dismissed.  *Id.* at 11.

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court."  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  To determine whether the first-to-file rule applies, the Court considers three factors: (1) the chronology of the two suits; (2) the similarity of the parties; and (3) the similarity of the issues.  *Kohn Law Grp.,*

*Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity."  *Id.* (internal quotation marks omitted).  Although the first-to-file rule should not be disregarded lightly, the Court may decline to apply the rule when there is evidence of bad faith, anticipatory suit, or forum shopping.  *Alltrade*, 946 F.2d at 625, 628.

Here, all three factors weigh in favor of applying the first-to-file rule.  With respect to the first factor, it is undisputed that the Court of Federal Claims suit was filed before this suit.  Fisher, however, argues that the importance of the earlier filing date is diminished because he filed this suit only one day after the Court of Federal Claims suit.  Dkt. 22 at 11.  Although the time period between the two filings is short, the policy rationales behind the first-to-file rule—economy, consistency, and comity—are "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 939 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.").

As to the second factor, both suits involve substantially similar parties.  *See Kohn*, 787 F.3d at 1240 ("[T]he first-to file rule does not require exact identity of the parties. . . . only substantial similarity of parties.").  Fisher is the named plaintiff in both

suits and the defendants are effectively the same.  The classes Fisher seeks to represent are identical, with one exception: the putative class before this Court excludes PACER users with claims over $10,000, while the putative class before the Court of Federal Claims includes those users.  *Compare* CFC Comp. ¶ 37, *with* Comp. ¶ 42.  Thus, the putative class members in this suit fall within the putative class before the Court of Federal Claims.

Fisher nevertheless argues "the putative classes are different due to the different treatment of tolling the statute of limitations" in the Court of Federal Claims.  Dkt. 22 at 12.  Both the Court of Federal Claims suit and this suit are subject to a six-year statute of limitations period.  *See* 28 U.S.C. §§ 2401, 2501.  The problem, Fisher argues, is when tolling begins for putative class members.  Dkt. 22 at 12.  According to Fisher, class action tolling began in this suit when the complaint was filed.  *Id.* (citing *Am. Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974)).  Meanwhile, Fisher argues tolling will not begin in the Court of Federal Claims suit until class certification is sought.  *Id.* (citing *Bright*, 603 F.3d at 1290).  Fisher therefore contends that this suit includes class members whose claims may be time barred in the Court of Federal Claims suit.  *Id.*

Fisher's argument is not supported by *Bright* and its progeny.  In *Bright*, the Federal Circuit addressed whether tolling applied to class actions brought in the Court of Federal Claims.  603 F.3d at 1281.  The *Bright* court answered in the affirmative, holding that "when a class action complaint is filed and class certification is sought prior to the expiration of [the] limitations period, the limitations period is subject to class action tolling during the period the court allows putative plaintiffs to opt in to the class."  *Id.* at

1290. In so holding, the *Bright* court explained that it sought to ensure consistency between class actions proceeding before the Court of Federal Claims and those proceeding before district courts under the Little Tucker Act. *Id.* at 1289 ("[I]f section 2501 is not subject to class action tolling, a situation can exist where one class-action complaint, filed . . . in federal district court under the Little Tucker Act, can cover the putative class, while the same class-action complaint, filed . . . in the Court of Federal Claims, cannot provide jurisdiction over the identical putative class members."). The court further explained that it sought to avoid multiplicity of suits. *Id.* at 1286.

Since *Bright*, lower courts have determined that the filing of a timely class action complaint tolls the statute of limitations even if the motion for class certification is filed after the statute of limitations has run. *See, e.g.*, *Geneva Rock Prods., Inc. v. United States*, 100 Fed. Cl. 778, 783 (2011); *Toscano v. United States*, 98 Fed Cl. 152, 154–55 (2011); *see also Bell v. United States*, 123 Fed. Cl. 390, 400 n.6 (2015); *Klamath Irrigation Dist. v. United States*, No. 01-591-FMA, 2014 WL 4946996, at *2 n.2 (Fed. Cl. Oct. 2, 2014); *Abernethy v. United States*, 108 Fed. Cl. 183, 187, 189 (2012).

With regard to the third factor, both suits present the same issue: whether PACER overcharges users for accessing docket reports. *See* CFC Comp. ¶ 1; Comp. ¶ 1. Fisher also asserts the same claims for breach of contract and illegal exaction. CFC Comp. ¶¶ 46–63; Comp. ¶¶ 51–59, 70–79. Although Fisher amended his complaint to add a third claim in this suit, the first-to-file rule does not require identical claims. *See Kohn*, 787 F.3d at 1210 ("The issues in both cases also need not be identical, only substantially similar."). Finally, there is no evidence of bad faith, anticipatory suit, or forum shopping.

1     In sum, the Court concludes that the first-to-file rule applies.[1]  Although Fisher
2 argues this suit should be stayed rather than dismissed, Dkt. 22 at 15, the Court finds that
3 dismissal is more appropriate because the putative class members in this suit can obtain
4 relief in the Court of Federal Claims suit.  *See Intersearch Worldwide, Ltd. v. Intersearch*
5 *Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the
6 court of first filing provides adequate remedies." (citing *Alltrade*, 946 F.2d at 627–68)).

### III. ORDER

8     Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 17) is
9 **GRANTED**.  The Clerk shall close this case.

10     Dated this 15th day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Having concluded that the first-to-file rule applies, the Court declines to address Defendants' alternative arguments.  *See* Dkt. 17.